Argued November 15, 1977, affirmed January 16, reconsideration denied
February 24, 1978, *rev den* March 21, 281 Or 531 (1978)

STATE OF OREGON, *Respondent,*
*v.*
MICHAEL JAMES HALL, *Appellant.*
(No. 77-0757, CA 8711)
573 P2d 332

Dwight L. Ferris, Assistant Public Defender, Roseburg, argued the cause and filed the brief for appellant.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from his conviction of criminal activity in drugs. Defendant assigns as error only the trial court's failure to grant his motion to suppress evidence seized from defendant contending lack of probable cause to search.

On March 11, 1977, a robbery took place at the South Umpqua State Bank in Roseburg, Oregon. A short time after this occurrence a description of a suspect was broadcast over police radio. The suspect was described as a white male adult, approximately 20 years of age, having brown hair to the shoulders, a full beard, being approximately 5'9" to 5'10" in height and 170 pounds, wearing a red jacket and Levi's. The report stated that it was unknown if the suspect had an accomplice or if an automobile was involved. It was stated that the suspect either had a gun or had simulated a gun during the robbery.

Officer Bergman, who was on patrol, heard the description and within a few minutes noticed defendant and another person standing by an automobile in a parking lot less than one mile from the scene of the crime. Defendant's companion fit the description of the suspect to the extent that he was a white male, 5'9½" in height, with dark shoulder length hair and a full beard, wearing Levi's. The record does not indicate the age of defendant's companion but does reveal that he weighed approximately 225 pounds, or more than 50 pounds over the weight estimated for the suspect. Defendant's companion was wearing a gray shirt rather than a red jacket.

With only this information, the officer approached the defendant and his companion and requested their identification and information concerning their actions for the past few minutes. The officer was informed that the two were at the parking lot in order to make repairs on defendant's automobile.

Before Officer Bergman had a chance to further investigate defendant and his companion, he was

[ 135 ]

called to another area where the bank robbery suspect had reportedly been seen. After this lead proved fruitless, Officer Bergman returned to the parking lot and found the defendant and his companion still present. The officer noticed a red jacket in the back seat of the automobile. Officer Bergman then conducted a pat-down search of the two persons. Next, the officer reached into the automobile, removed the red jacket, placed his hand inside one of the pockets and removed two plastic bags containing a total of 1.2 ounces of marijuana. After defendant claimed the jacket as his own, the officer placed him under arrest. Defendant's companion was not arrested and later investigation demonstrated that he was in no way connected with the bank robbery.

The issue presented here is whether the officer had probable cause to believe that the defendant and his companion had been involved in the bank robbery.[1] Probable cause exists if there is reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief. *State v. Keith*, 2 Or App 133, 142, 465 P2d 724, *rev den* (1970).

In this case, the officer had a description of a suspect which matched the appearance of defendant's companion in every way except weight. Defendant and his companion were in close proximity to the place of the robbery within a few minutes of the crime. The discovery of a jacket matching the description of that worn by the suspect gave the officer probable cause to believe that these persons were involved in the bank

---

[1]The trial judge ruled that the search in this case was justified by reasonable suspicion. Reasonable suspicion is only the basis for a stop and frisk of the outer clothing to discover weapons. A more intensive search requires probable cause. *Sibron v. New York*, 392 US 40, 88 S Ct 1889, 20 L Ed 2d 917 (1968); *State v. Gressel*, 276 Or 333, 554 P2d 1014 (1976). In this case the officer's testimony demonstrates that the search was more intensive than a mere pat down for weapons. Therefore, the search cannot be justified without probable cause.

robbery. Although it turned out there was no connection between defendant and the bank robbery, defendant was in the wrong place at the wrong time, with the wrong person and the wrong jacket.

Since the officer had probable cause he could have arrested the defendant's companion. Incident to that power to arrest the officer was entitled to seize evidence of the crime which was in plain view. The jacket was therefore subject to seizure and could then be searched to determine if it contained weapons or evidence. The fact that the officer discovered contraband not connected with the crime which he believed the persons to be involved with is not controlling. The motion to suppress was properly denied.[2]

Affirmed.

---

[2]Defendant asserts that the officer had no probable cause to seize the marijuana once he had discovered it claiming that there was no testimony demonstrating his ability to recognize the substance. The issue was not raised below and does not merit discussion.